UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAROMIR KOVARIK | CIVIL ACTION |
| Plaintiff, | No. 2:24-cv-00680-GAM |
| v. | |
| GROUNDWATER & ENVIRONMENTAL SERVICES, INC.; ENERGY TRANSFER OPERATING L.P.; SUNOCO | |
| Answering Defendants. | |

**ANSWER OF DEFENDANT GROUNDWATER & ENVIRONMENTAL SERVICES, INC. TO PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES**

Answering Defendant, Groundwater & Environmental Services, Inc., by and through its attorneys, Bunker & Ray, hereby answers Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure as follows:

## <u>Nature of the Action</u>

1.      Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant denies that Plaintiff has any viable claim against Answering Defendant under the Pipeline Safety Improvement Act ("PSIA") 49 U.S.C. §60129, 29 C.F.R. 1981.100 et seq., or any other regulations deemed applicable by DOL/OSHA.

2.      Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant denies that Plaintiff has any viable claim against Answering Defendant.

## Jurisdiction and Venue

3.      Admitted in part. Denied in part. It is admitted only that the Secretary of Labor has not issued a final decision by this date that is more than 210 days after the date on which the complaint was filed with OSHA. It is denied that this Court has jurisdiction over this action pursuant to 49 U.S.C. §60129(b)(3)(D)(i), as these averments are conclusions of law to which no responsive pleading is required. The remaining averments contained in this paragraph are denied.

4.      Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

## The Parties

5.      Admitted, upon information and belief.

6.      Admitted, upon information and belief, that Plaintiff was licensed at a Professional Geologist ("PG") while he was employed with Answering Defendant.

7.      Admitted in part. Denied in part. It is admitted only, upon information and belief, that Plaintiff was a licensed PG during his employment with Answering Defendant. The remaining allegations are denied.

8.      Denied.

9.      Denied.

10.      Admitted in part. Denied in part. It is admitted only that Answering Defendant had reason to believe that Plaintiff was an attorney. The remaining allegations are denied as Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph.

11.      Denied.

12.      Denied.

13.      Admitted in part. Denied in part. It is admitted only that Plaintiff was employed by Answering Defendant in October 2017. The remaining allegations are denied.

14.      Admitted in part. Denied in part. It is admitted only that Plaintiff was retained as a part-time employee and successfully completed his probationary period. The remaining allegations are denied.

15.      Admitted.

16.     Denied as stated. By way of further answer, Plaintiff's overtime pay was 1.5 times his base hourly rate for hours worked in excess of forty (40) hours per workweek.

17.     Denied as stated. By way of further answer, Plaintiff received up to $40 daily allowance only on the days that he worked and incurred such expense documented by receipts.

18.     Denied to the extent that Plaintiff mischaracterizes GES' Policy and Procedure Manual. By way of further answer, Answering Defendant refers Plaintiff to GES' Policy and Procedure Manual, which speaks for itself.

19.     Admitted.

20.     Admitted in part. Denied in part. It is admitted only that GES has an office in New Jersey. The remaining allegations are denied.

21.     Admitted.

22.     Admitted.

23.     Denied as stated. By way of further answer, Answering Defendant provided environmental consulting services to Defendant SPLP for the ME2 project, including Spread 6. The remaining allegations are denied.

24.     Denied as stated. By way of further answer, SPLP hired Answering Defendant to provide consulting services for certain locations on ME2 project, including Spread 6. GES then staffed to provide those services to SPLP for the

ME2 project. Answering Defendant provided environmental consulting services, including *inter alia* services from Professional Geologists and Hydrogeologists ("PGs"), to Defendant SPLP for the ME2 project during relevant times.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied. It is denied that Answering Defendant directed Plaintiff to perform the duties listed by Plaintiff in this paragraph. The remaining allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

29.    Denied as stated to the extent Plaintiff mischaracterizes his employment activities. Answering Defendant refers Plaintiff to the job description for PGs, which speaks for itself.

30.    Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

31.    Denied.

32.    Denied.

33.     Admitted in part. Denied in part. It is admitted only that Plaintiff was explained that his duties were to comply with the construction permits. The remaining allegations are denied.

34.     Denied.

35.     Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, Answering Defendant states only that it placed licensed PGs with Defendant Sunoco Pipeline, L.P. for the ME2 project during the relevant times.

36.     Denied. It is denied that Answering Defendant provided Plaintiff with drawings and maps as described by Plaintiff in this paragraph. The remaining allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

37.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

38.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

39.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

40.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding when Plaintiff may have received information relating to a Defendant other than Answering Defendant and they are, therefore, denied.

41.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required. To the extent a response is required, Answering Defendant refers Plaintiff to Defendant ETO's corporate disclosure statement, which speaks for itself.

42.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required. To the extent a response is required, Answering Defendant refers Plaintiff to Defendant ETO's corporate disclosure statement, which speaks for itself.

43.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

44.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

45.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

46.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

47.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

48.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

49.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

50.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph as Plaintiff's use of the terms "respected," "followed," "directives" and "project" is vague, ambiguous, and overbroad, and they are, therefore, denied.

51.     Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, Answering Defendant refers Plaintiff to OSHA's determination, which speaks for itself.

52.     Admitted in part. Denied in part. It is admitted only that Administrative Law Judge, Honorable Sean M. Ramaley ("ALJ Ramaley") recused himself from the Administrative Law Proceedings on January 2, 2024. Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph and they are, therefore, denied.

53.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

54.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

55.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

56.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

57.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

58.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

59.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

60.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

61.     Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the

allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

62.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

63.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

64.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

65.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

66.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

67.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

68.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

69.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

70.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

71.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

72.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

73.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

74.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

75.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

76.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

77.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

78.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

79.     Admitted in part. Denied in part. It is admitted only that there is an agreement that existed at all relevant times between Defendants GES and SPLP. The remaining averments contained in this paragraph are denied.

80.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

81.     Admitted in part. Denied in part. It is admitted only that there is an agreement that existed at all relevant times between Defendants GES and SPLP. The remaining averments contained in this paragraph are denied.

82.     Denied.

83.     Denied. It is denied that Answering Defendant prohibited PGs from speaking to Pennsylvania Department of Environmental Protection, United States Environmental Protection Agency, Pennsylvania Public Utility Commission or any similar officials tasked with protecting public health. The remaining allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

84.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

85.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

86.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

87.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

88.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

89.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

90.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

91.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

92.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

93.     The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

## **Mariner East 2/2x Pipeline Project Background**

94.     The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

95.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding what Plaintiff means by "seriously delayed" and they are, therefore, denied. To the

extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

96.     The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

97.     The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

98.     Denied. It is denied that Answering Defendant desired to keep the project moving forward at any cost. The remaining allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

99.     Denied as stated. By way of further answer, the ME2 project pipelines were installed in designated easements and "Right of Way" ("ROW") were properly marked.

100.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant refers Plaintiff to portions of the CFR referenced herein, which speak for themselves.

101.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

102.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

103.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant refers Plaintiff to 25 Pa. Code Chapter 105 and an Erosion and Sediment Control Permits issued under 25 Pa. Code Chapter 102 referenced herein, which speak for themselves.

104.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant refers Plaintiff to portions of the PADEP permits referenced herein, which speak for themselves.

105.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering

Defendant refers Plaintiff to 25 Pa. Code Chapter 102.5(a) referenced herein, which speaks for itself.

106.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant refers Plaintiff to portions of the PADEP permits referenced herein, which speak for themselves.

107.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required and they are, therefore, denied. By way of further answer, Answering Defendant refers Plaintiff to portions of the National Pollutant Discharge Elimination System ("NPDES") permit referenced herein, which speak for themselves.

108.   Admitted.

109.   Denied.

110.   Denied to the extent that Plaintiff mischaracterizes PGs job duties. By way of further answer, Answering Defendant refers Plaintiff to the PGs job description, which speaks for itself.

111.   Denied as stated to the extent Plaintiff mischaracterizes PGs job responsibilities. Answering Defendant refers Plaintiff to the job description for PGs, which speaks for itself.

112.   Denied. By way of further answer, PGs had sufficient parking in all approved areas.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Admitted in part. Denied in part. It is admitted only that Plaintiff's truck got stuck. The remaining allegations are denied.

117.   Denied.

## **Procedural History**

118.   Admitted, upon information and belief.

119.   Admitted, upon information and belief.

120.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

121.   Admitted, upon information and belief.

122.   Admitted.

123.   Denied to the extent that Plaintiff mischaracterizes GES' position statement. By way of further answer, Answering Defendant refers Plaintiff to GES' position statement, which speaks for itself.

124.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

125.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

126.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. To the extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

127.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. To the extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

128.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. To the extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

129.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

130.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

131.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

132.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

133.   Admitted, upon information and belief.

134.   Admitted in part. Denied in part. It is admitted only that OSHA continued with its investigation. The remaining averments contained in this paragraph are denied as conclusions of law to which no responsive pleading is required.

135.   Admitted in part. Denied in part. It is admitted only that Answering Defendant participated in mediation between June 29, 2021 and August 5, 2021. The remaining averments contained in this paragraph are denied.

136.   Admitted in part. Denied in part. It is admitted only that on or about October 25, 2021, the case was transferred to OSHA Region 5 in Toledo, Ohio. The remaining averments contained in this paragraph are denied.

137.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. To the extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

138.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

139.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. To the extent a response is required, the allegations contained in this paragraph appear to be addressed to Defendants other than Answering Defendant and therefore, no answer is required.

140.   Admitted.

141.   The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required. By way of further answer, Answering Defendant refers Plaintiff to OSHA's letter and findings, dated June 15, 2023, which speaks for itself.

142.   Denied to the extent that Plaintiff mischaracterizes OSHA's findings. By way of further answer, Answering Defendant refers Plaintiff to OSHA's letter and findings, dated June 15, 2023, which speaks for itself.

143.   Denied to the extent that Plaintiff mischaracterizes OSHA's findings. By way of further answer, Answering Defendant refers Plaintiff to OSHA's letter and findings, dated June 15, 2023, which speaks for itself.

144.   Denied to the extent that Plaintiff mischaracterizes OSHA's findings. By way of further answer, Answering Defendant refers Plaintiff to OSHA's letter and findings, dated June 15, 2023, which speaks for itself.

145.   Denied to the extent that Plaintiff mischaracterizes OSHA's findings. By way of further answer, Answering Defendant refers Plaintiff to OSHA's letter and findings, dated June 15, 2023, which speaks for itself.

146.   Admitted.

147.   Admitted.

148.   Admitted.

149.   Admitted.

150.   Admitted.

151.   Admitted.

152.   Admitted.

153.   Denied to the extent that Plaintiff mischaracterizes Hon. Ramaley's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Ramaley's Order, which speaks for itself.

154.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to filings with the ALJ.

155.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to Hon. Ramaley's Order, which speaks for itself.

156.   Admitted.

157.   Admitted in part. Denied in part. It is admitted only that Plaintiff renewed his Motion for Issuance of an Order for Development of a Proposed Discovery Plan. The remaining averments contained in this paragraph are denied. It is specifically denied that Answering Defendant violated document production and subpoenas.

158.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to Plaintiff's motion, which speaks for itself.

159.   Denied as stated. By way of further answer, Plaintiff chose not to go forward with depositions of certain witnesses. It is specifically denied that Answering Defendant's document production was defective.

160.   Admitted. By way of further answer, Answering Defendant vehemently denies Plaintiff's accusations and states that Plaintiff has been the only party who has engaged in misconduct.

161.   Admitted.

162.    Denied to the extent that Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 8, 2024, which speaks for itself.

163.    Denied to the extent that Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 8, 2024, which speaks for itself.

164.    The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

165.    The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

166.    The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

167.    Admitted in part. Denied in part. It is admitted only that GES filed a Motion for Summary Decision. The remaining allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

168.    The allegations contained in this paragraph are addressed to Defendants other than Answering Defendant and therefore, no answer is required.

169.    Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 17, 2024, which speaks for itself.

170.    Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 18, 2024, which speaks for itself.

171.    Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 18, 2024, which speaks for itself.

172.    Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 17, 2024, which speaks for itself.

173.    Admitted in part. Denied in part. It is admitted only that Plaintiff filed a Motion for issuance of Order Extending Time for his Response to Respondents' pending Motions for Summary Decision to fourteen (14) days. The remaining allegations are conclusions of law to which no responsive pleading is required. By way of further answer, Answering Defendant refers Plaintiff to Plaintiff's Motion dated January 22, 2024, which speaks for itself.

174.    Admitted.

175.    Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated January 24, 2024, which speaks for itself.

176.    Denied as stated. By way of further answer, in accordance paragraph 3(d) of Hon. Appetta's Order dated January 8, 2024, Answering Defendants ETO and GES in good faith attempted to obtain Plaintiff's agreement to the proposed stipulated facts, but Plaintiff requested additional time in which to do so. Therefore, Answering Defendants ETO and GES submitted their Joint Stipulation of Agreed Facts by the deadline listed in the Order, and indicated that they would submit an updated version if and when Plaintiff provided his response.

177.    Denied as stated. By way of further answer, in accordance paragraph 3(d) of Hon. Appetta's Order dated January 8, 2024, Answering Defendants ETO and GES in good faith attempted to obtain Plaintiff's agreement to the proposed stipulated facts, but Plaintiff requested additional time in which to do so. Therefore, Answering Defendants ETO and GES submitted their Joint Stipulation of Agreed Facts by the deadline listed in the Order, and indicated that they would submit an updated version if and when Plaintiff provided his response. It is denied that the affidavits of Ms. Fish and Ms. Grillo included in the JSOF were never seen.

178.    Denied.

179.   Denied.

180.   Denied as stated. By way of further answer, the parties held a settlement conference by phone on January 30, 2024 pursuant to Hon. Appetta's Order, in an effort to resolve as much of the matter in dispute as possible.

181.   Admitted in part. Denied in part. It is admitted only that Plaintiff filed his opposed Motion to Stay Proceedings to February 10 2024, or until he filed his case in federal court. The remaining allegations are conclusions of law to which no responsive pleading is required.

182.   Admitted. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated February 1, 2024, which speaks for itself.

183.   Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order of February 1, 2024, which speaks for itself.

184.   Admitted. By way of further answer, Answering Defendant refers Plaintiff to his Motion to Reconsider.

185.   Admitted. By way of further answer, Answering Defendant refers Plaintiff to his Notice of Appeal.

186.   Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Order. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Order dated February 9, 2024.

187.   Admitted in part. Denied in part. It is admitted only that Plaintiff stated in several of his motions that he was unable to complete discovery. The remaining allegations are denied.

188.   Denied to the extent Plaintiff mischaracterizes Hon. Appetta's Orders. By way of further answer, Answering Defendant refers Plaintiff to Hon. Appetta's Orders.

189.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's experience with proceedings in front of ALJ and they are, therefore, denied.

190.   Admitted in part.  Denied in part. It is admitted only that Plaintiff filed his Complaint with this Court on February 12, 2024. Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in the paragraph and they are, therefore, denied.

## Claim for Retaliation and Wrongful Termination under 49 U.S.C. §60129, 29 C.F.R. 1981.100 et seq. against all Defendants

191.   Admitted.

192.   Denied. By way of further answer, Plaintiff's starting position was part-time, as-needed Principal Hydrogeologist ("PG").

193.   Admitted.

194.    Denied to the extent Plaintiff mischaracterizes his job offer letter. By way of further answer, Answering Defendant refers Plaintiff to the job offer letter which speaks for itself.

195.    Denied to the extent Plaintiff mischaracterizes his employment agreement. By way of further answer, Answering Defendant refers Plaintiff to the employment agreement which speaks for itself.

196.    Admitted.

197.    Denied.

198.    Denied.

199.    Admitted in part. Denied in part. It is admitted only that Plaintiff informed Answering Defendant that he was resigning and that Answering Defendant asked Plaintiff to reconsider. The remaining allegations are denied.

200.    Admitted in part. Denied in part. It is admitted only that upon information and belief, Plaintiff reconsidered. The remaining allegations are denied.

201.    Denied.

202.    Admitted, upon information and belief.

203.    Admitted, upon information and belief.

204.    Admitted, upon information and belief.

205.   Denied as stated. By way of further answer, Plaintiff was instructed that Ms. Fish would place the observation in the depression tracker in lieu of the daily report in accordance with the Field Support Protocol Meeting.

206.   Denied.

207.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

208.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

209.   Denied.

210.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required. To the extent a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

211.   Denied.

212.   Denied.

213.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

214.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

215.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

216.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

217.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

218.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

219.   Admitted in part. Denied in part. It is admitted only that on January 10, 2020, Plaintiff reported regarding the depression. Answering Defendant is

without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph and they are, therefore, denied.

220.   Admitted, upon information and belief.

221.   Admitted, upon information and belief.

222.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

223.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

224.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

225.   Admitted in part. Denied in part. It is admitted only that there were no stakes on that section of the ROW (because the ROW border was in a public road). The remaining allegations are denied.

226.   Plaintiff does not make any allegation in Paragraph No. 226.

227.   Denied.

228.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

229.   Denied.

230.   Admitted.

231.   Denied as stated. By way of further answer, Answering Defendant reviewed and submitted the HDD Reports.

232.   Denied.

233.   Denied.

234.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

235.   Admitted in part. Denied in part. It is admitted only, upon information and belief, that a surveyor surveyed the area again and reported that no changes were observed. Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph and they are, therefore, denied.

236.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

237.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

238.   Admitted.

239.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to Mr. Demko's report, which speaks for itself.

240.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

241.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

242.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

243.   Admitted, upon information and belief.

244.   Admitted, upon information and belief.

245.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

246.   Admitted, upon information and belief.

247.   Denied.

248.   Denied.

249.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

250.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

251.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

252.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

253.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

254.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

255.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

256.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

257.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

258.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

259.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

260.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

261.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

262.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

263.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

264.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

265.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

266.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

267.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

268.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

269.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

270.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

271.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

272.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

273.   Admitted.

274.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to Mr. Banach's correspondence, which speaks for itself.

275.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

276.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

277.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

278.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

279.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

280.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

281.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

282.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

283.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

284.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

285.   Denied.

286.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

287.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

288.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

289.   Admitted in part. Denied in part. It is admitted only that Plaintiff conveyed his observations to Ms. Fish. Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph and they are, therefore, denied.

290.   Admitted in part. Denied in part. It is admitted only that Ms. Fish telephoned Plaintiff and instructed him to leave the site. Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph and they are, therefore, denied.

291.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

292.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

293.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

294.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

295.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

296.   Admitted.

297.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to the termination letter, which speaks for itself.

298.   Denied.

299.   Denied.

300.   Denied.

301.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

302.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

303.   Denied as stated. Plaintiff's concerns were properly investigated.

304.   Denied.

305.   Denied.

306.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

307.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

308.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

309.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

310.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

311.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

312.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

313.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

314.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

315.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

316.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

317.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

318.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

319.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding Plaintiff's understanding and they are, therefore, denied.

320.   Denied as stated. By way of further answer, Answering Defendant refers Plaintiff to Ms. Grillo's deposition transcript, which speaks for itself.

321.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

322.   Denied.

323.   Denied.

324.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

325.   Denied.

326.   Denied.

327.   Denied.

328.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

329.   Denied.

330.   Denied.

331.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is

required and they are, therefore, denied. It is specifically denied that Plaintiff's activity was protective activity.

332.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

333.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

334.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding this knowledge and they are, therefore, denied.

335.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph regarding what Plaintiff felt and they are, therefore, denied.

336.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, it is

specifically denied that any alleged injury suffered was a result of Answering Defendant's acts.

337.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

338.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

339.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

340.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

341.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

342.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

343.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

344.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

345.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful actions."

346.   Denied.

347.   Denied as stated. By way of further answer, Plaintiff received up to $40 daily allowance only on the days that he worked and incurred such expense documented by receipts.

348.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied. It is specifically denied that Plaintiff was subjected to "wrongful termination."

349.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

350.   Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the averments contained in this paragraph and they are, therefore, denied.

351.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

352.   Denied.

353.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

354.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

355.   Denied. By way of further answer, the OSHA investigation concluded that Plaintiff was terminated from employment for non-retaliatory reasons.

356.   Denied. By way of further answer, the OSHA investigation concluded that Plaintiff was terminated from employment for non-retaliatory reasons.

357.   Denied.

358.   The allegations contained in this paragraph are addressed to Answering Defendants other than Answering Defendant and therefore, no answer is required.

359.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is

required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff was subjected to "wrongful conduct."

360.   Admitted.

361.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

362.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied.

363.   Denied. The averments contained in this paragraph of Plaintiff's Amended Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. To the extent a response is required, the averments contained in this paragraph are denied. It is specifically denied that Plaintiff is entitled to punitive damages.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiff has failed to state a claim upon which relief may be granted.

2.     All of Answering Defendant's actions were taken for legitimate, non-retaliatory reasons.

3.     Answering Defendant never authorized or ratified the alleged retaliation.

4.     The claims asserted in the Complaint are barred, in whole or in part, to the extent that they exceed the scope or type of claims asserted in the relevant underlying OSHA complaint filed, or to the extent that they relate to the claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred in a timely civil action.

5.     Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages or periods, outside the applicable statutory limitations period.

6.     Plaintiff's claims for relief are barred because his own actions or omissions caused or contributed to any alleged loss or injury.

7.     Plaintiff's claims are barred to the extent that he has failed to mitigate adequately his claims for damages, if any.

8.     To the extent that Plaintiff has failed to mitigate his damages, Answering Defendant is entitled to a set-off in the amount which Plaintiff did or could have earned through reasonable efforts.

9.      Plaintiff's claims for back and front pay are barred to the extent that he would have been terminated based on "after acquired" evidence.

10.      Plaintiff's claims fail in whole or part because Answering Defendant has made good-faith efforts to prevent retaliation in its workplace and, thus, cannot be held liable for the decisions of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with the applicable laws.

11.      Answering Defendant has acted in good faith and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

12.      Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that Answering Defendant's act(s), if any, did not proximately cause or contribute in any manner to Plaintiff's alleged injuries and/or damages.

13.      Plaintiff's claims for damages are limited under the Pipeline Safety Improvement Act.

14.      Answering Defendant expressly denies that it or any employee under its supervision acted in any manner which violated Plaintiff's rights, including engaging in retaliation or other unlawful actions toward Plaintiff. If Plaintiff's

rights were violated by an employee of Answering Defendant, such violation occurred outside the scope of employment and without consent of Answering Defendant, and Answering Defendant never knew nor had reason to know of any such violation. Answering Defendant did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

15.    Any alleged injury or damage suffered by Plaintiff was in no way caused by, or a result of, any fault, act or omission by Answering Defendant, but was caused by circumstances, persons or entities for whom Answering Defendant is not and may not be held responsible.

16.    Because Plaintiff's claim herein is frivolous, Answering Defendant requests that the court award it reasonable attorney fees and all costs incurred as a result of this proceeding pursuant to 42 Pa C.S.A. § 2503(9).

17.    Answering Defendant intends to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Answering Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, Answering Defendant Groundwater & Environmental Services, Inc. demands judgment dismissing Plaintiff Jaromir Kovarik's Complaint and granting attorneys' fees and costs, and such other relief as the Court deems just and proper.

BUNKER & RAY

BY:  MAY MON POST
Attorney I.D.#  90154
Attorney for Answering Defendant,
Groundwater & Environmental Services,
Inc.
436 Walnut Street, WA01A
Philadelphia, Pennsylvania 19106
(215) 845-6154


Date: June 17, 2024

## <u>CERTIFICATE OF SERVICE</u>

May Mon Post, attorney for Answering Defendant, Groundwater &

Environmental Services, Inc. hereby certifies that I caused a copy of the ANSWER

TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES to be filed

electronically on June 17, 2024. This document is now available for viewing and

downloading from the ECF system by counsel named below:

Diana A. Silva, Esquire
Jill Hyman Kaplan, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA 19004
Attorneys for Energy Transfer Operating L.P. and Sunoco Pipeline L.P.


Jaromir Kovarik
211 Ridge Road
Annville, PA 17003
Plaintiff




                                       BUNKER & RAY

                                       _____
                                       BY:  MAY MON POST
                                       Answering Defendant, Groundwater &
                                       Environmental Services, Inc.