IN THE SUPERIOR COURT OF PENNSYLVANIA
EASTERN DISTRICT

| | |
|---|---|
| **JAROMIR KOVARIK**,<br>     Plaintiff-Appellant<br><br>v.<br><br>**GROUNDWATER &**<br>**ENVIRONMENTAL SERVICES, Inc.**,<br>*et al*.<br>     Defendants-Appellees<br><br>Appeal from orders of the Court of Common Pleas, Chester County, entered 12 December 2022 and underlying orders of 26 July 2022 and 10 August 2022. | No. **246 EDA 2023**<br><br>Trial Court No. 2022-3560-TT |

**APPELLANT'S REPLY BRIEF**

SUBMITTED BY:

Jaromir Kovarik, *in propria persona*
211 Ridge Road
Annville, PA 17003
Tel. 717-383-6985

## TABLE OF CONTENTS

Table of Authorities

Reply Argument     1

Conclusion     4

Certifications     5

## TABLE OF AUTHORITIES

Rules and Statutes

| | |
|---|---:|
| Pa. R.App.P. 341 | 4 |
| Pa. R.App.P. 1701 | 4 |
| Pa. R.Civ.P. 126 | 1 |
| Pa. R.Civ.P. 237.3 | 1, 2 |
| Pa. R.Civ.P. 4003.8 | 3, 4 |
| 49 U.S.C. § 60129 ("Pipeline Safety Improvement Act") | 4 |

Cases

| | |
|---|---:|
| *McNeil v. Jordan*, 586 Pa. 413, 894 A.2d 1260 (2006) | 3, 4 |
| *Peters Twp. San. Auth. v. American Land & Home Dev. Co.*, 696 A.2d 899 (Pa.Comm'w. 1997) | 2 |
| *Simmons v. Luallen*, 563 Pa. 589, 763 A.2d 810 (2000) | 1 |
| *Williams v. Office of Public Defender, County of Lehigh*, 586 A.2d 924 (1990) | 3 |

## REPLY ARGUMENT

Generally, "the rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126. Defendants harp (Def. Joint Br. at 17) on the supposed novelty of suggesting that Rule 237.3 might be interpreted with a request for pre-complaint discovery as functionally equivalent to a complaint, though previous decisions both of this Court and the Commonwealth Court have concluded that functional equivalency is (if not, perhaps, stated in that exact term) a reasonable concept in the evaluation of defaults.

Defendants cite *Simmons v. Luallen*, 563 Pa. 589, 763 A.2d 810 (2000) in support of their conclusion. The holding of this case is that a petition to open *non pros* filed within ten days is timely:

> Indeed, relaxing the burden of proof by presuming that a legitimate excuse for the delay exists is appropriate in this context, since the delay is not lengthy. By contrast, a judgment of non pros entered due to inactivity in prosecuting a claim often involves longer delay, which more directly implicates the equitable principle underlying the grant of a non pros, namely, the injustice of permitting the assertion of a claim after a lengthy inexcusable delay that visits prejudice upon the defendant.

*Id.* at 594, 763 A.2d at 812–13 (internal citation omitted). Certainly, none of the concerns articulated there are really at issue in this case.

Rigid interpretation of procedural rules, especially when they are ambiguously written or applied in an overly technical manner, can prevent the resolution of cases on their merits.  This goes against the fundamental principle that justice should be substantive rather than merely procedural. Courts are vested with the discretion to interpret procedural rules in a manner that serves the ends of justice. A rigid, inflexible approach disregards the equitable powers of the court to tailor decisions based on the unique facts and circumstances of each case. Procedural rules are designed to ensure fair play and due process. When these rules are applied too rigidly, they can become instruments of injustice, denying parties the opportunity to have their case heard and adjudicated fairly. This can lead to unjust outcomes and erode public confidence in the judicial system.

The rules and case law are also replete with other examples of "functional equivalence."  In *Peters Twp. San. Auth. v. American Home & Land Dev. Co.*, 696 A.2d 899 (Pa.Comm'w. 1997), a default was set aside under Rule 237.3, when the proposed response to the complaint was not an answer (then-required by the rule) but preliminary objections.  Although "preliminary objections" were later *added* to the rule as a type of proposed response, Defendants do not explain how Plaintiff's proposed interpretation is really different from the situation in *Peters Twp.* as of the time it was decided.  And by allowing alternative methods that achieve the same goals as the original rules, the doctrine enhances the flexibility, efficiency, and

fairness of the legal system. *Compare* the discussion in *Williams v. Office of Public Defender, County of Lehigh*, 586 A.2d 924 (1990) (technical defects in service not relevant when "the purpose of the Rule is to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend," and "there can be no question that they actually received notice of the action pending against them," *id.* at 925–926.

Complicating the situation in this case is the fact that Rule 4003.8 does not provide any specific procedure for requesting discovery, and that the trial court did not, in fact, actually direct filing of a complaint by any specific time. Defendants cannot point to any prejudice, other than the technical defect of lack of the specific complaint, they would have suffered from denial of *non pros* or from an order opening the case with either a directive as to a complaint or a directive as to pre-complaint discovery, which Plaintiff reasonably sought for the reasons explained in the Principal Brief. Furthermore, it is in the interest of justice for this Court to address the substantive question or direct the Trial Court to do so.

Defendants' focus on the *non pros* also fails to answer Plaintiff's point as to the fact that the *underlying* order was, as held in *McNeil v. Jordan* itself, 586 Pa. 413, 424, 894 A.2d 1260, 1266 (2006), a necessary precursor to the "non-pros" at issue and therefore is properly at issue in this appeal.

Lastly, the underlying *factual* dispute between the parties as to the necessity of the discovery at issue still should have been resolved by the trial court. Defendants continue to gloss over this (as they gloss over the significant differences between Plaintiff's state-law causes of action and the "Pipeline Safety Improvement Act" claim that was presented to OSHA) without seriously addressing any of Plaintiff's points, by suggesting conclusorily that "the trial court did properly determine facts that were relevant to that inquiry."  Def. Br. at 15.

Defendants also, inexplicably, devote a page of their Brief to addressing an argument Plaintiff did not even make: that Appellate Rule 1701 had anything to do with *this* appeal.  Perhaps, Defendants are trying to suggest that Plaintiff should have sought interlocutory appeal of the interlocutory order instead of waiting for the final order, but this is not required by the plain text of Pa. R.App.P. 341.

## CONCLUSION

WHEREFORE, Plaintiff continues to pray of Superior Court that the orders of 12 December 2022 be vacated and Plaintiff afforded a reasonable opportunity to obtain pre-complaint discovery or take other action consistent with Rule 4003.8 and/or *McNeil v. Jordan*.

## CERTIFICATIONS

I hereby certify that the body of this Brief (excluding the Tables of Contents and Authorities, the title page, and the appended materials) consists of 1005 words.

I further certify that this document contains no "confidential information" as said term is defined in the *Public Records Access Policy*.

Respectfully submitted, this 29th day of July, 2024

By:
/s/ Jaromir Kovarik, *in propria persona*
211 Ridge Road
Annville, PA 17003
[Jxk0011@gmail.com](mailto:Jxk0011@gmail.com)
717-383-6985