## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAROMIR KOVARIK | : | |
| | : | No. 2:24-cv-00680-GAM |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GROUNDWATER & ENVIRONMENTAL | : | |
| SERVICES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## SUNOCO PIPELINE, L.P.'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Sunoco Pipeline, L.P. ("SPLP"), by its counsel, hereby answers the First Amended Complaint (the "Complaint") filed by Plaintiff Jaromir Kovarik in the above-captioned matter, and avers as follows:

### Nature of the Action

1.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

2.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.[1]

---

[1] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 2 includes a footnote with factual allegations, which are denied.

2878155_3

**Jurisdiction and Venue**

3.      Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

4.      Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**The Parties**

5.      Admitted, upon information and belief.

6.      Denied as stated.  SPLP admits only that Plaintiff had previously held a license in Pennsylvania as a Professional Geologist, but upon information and belief, such license has expired.

7.      Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

8.      Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

9.      Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

10.      Denied as stated. SPLP admits only that Plaintiff had previously been a licensed attorney in Pennsylvania, but such license has been placed in retired status.

11.      Denied.

12.      Denied.

2878155_3

13.     Admitted in part, denied in part. SPLP admits only that Plaintiff had been employed by Defendant Groundwater & Environmental Services, Inc. ("GES"). SPLP lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore the allegations are denied.

14.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

15.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

16.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

17.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

18.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

19.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

20.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

21.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

22.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, it is admitted that Plaintiff was an employee of GES.

23.     Admitted in part, denied in part.  It is admitted only that GES provided environmental consulting services to SPLP for the ME2/2X pipeline project (hereinafter "ME2") for various locations in the Commonwealth of Pennsylvania, which included construction spread 6 that encompassed Chester and Delaware Counties. It is specifically denied that Defendant Energy Transfer Operating, L.P. ("ETO") constructed or installed ME2, and further specifically denied that GES provided environmental consulting services to ETO related to ME2.  It is also specifically denied that GES constructed or installed ME2, as is alleged in this paragraph.  By way of further response, ME2 was permitted, constructed, installed, and is owned and operated by SPLP, not ETO.  The remaining allegations of this paragraph, including specifically the allegation that GES was a "contractor or subcontractor," are a conclusion of law or argument to which no response is required, and which are therefore denied.

24.     Admitted in part, denied in part.  It is admitted only that GES provided environmental consulting services to SPLP for ME2, and that GES employed Plaintiff. It is specifically denied that ETO constructed or installed ME2, and further specifically denied that GES provided environmental consulting services to ETO related to ME2.  By way of further response, ME2 was permitted, constructed, installed, and is owned and operated by SPLP, not ETO.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Admitted in part, denied in part.  It is admitted only that as an employee of GES who worked on ME2, Plaintiff performed various activities and prepared various reports. The remaining allegations in this paragraph are denied.

29.     Denied.

30.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

31.     Denied.

32.     Denied.

33.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

34.     Denied.

35.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, it is specifically denied that GES provided environmental consulting services to ETO related to ME2, it is denied that SPLP and ETO are "co-owners of the ME2 project" as is alleged in this paragraph.  By way of yet further response, ME2 was permitted, constructed, installed, and is owned and operated by SPLP, not ETO.

36.     Denied as stated.  It is admitted only that Plaintiff was provided access to documents, maps, and other materials related to the ME2 project, including documents related to the permits issued by the Pennsylvania Department of Environmental Protection ("PADEP"), that depicted the ME2 workspaces and various site features, including *inter alia* the limit of disturbance under the PADEP permits. The remaining allegations of this paragraph are denied.

37.     Denied as stated.  On April 1, 2021, ETO merged into Energy Transfer LP, which is a publicly traded limited partnership organized under the laws of the state of Delaware.  It is

2878155_3

denied that ETO (or Energy Transfer LP) was incorporated as is alleged in this paragraph, as ETO is a limited partnership. It is admitted that ETO's principal place of business is 8011 Westchester Drive, Suite 600, Dallas Texas.[2]

38.    Denied.

39.    Denied as stated. It is admitted only that Sunoco Pipeline, L.P. is a subsidiary of Energy Transfer Operations GP LLC (f/k/a Sunoco Logistics Partners Operations L.P.), which is an indirect wholly owned subsidiary of Energy Transfer LP. It is denied that ETO and an entity identified as "Sunoco Logistics" in this paragraph merged on April 28, 2017. By way of further response, in April 2017 Sunoco Logistics Partners, LP was acquired by a merger transaction through which Sunoco Logistics Partners, LP's general partner was merged with and into ETP GP, with ETP GP surviving as an indirect wholly-owned subsidiary of Energy Transfer Equity, L.P., and through which Sunoco Logistics Partners L.P. changed its name to Energy Transfer Partners, L.P. By way of yet further response, in October 2018 Energy Transfer Partners, L.P. changed its name to Energy Transfer Operating, L.P., which then on April 1, 2021 merged into Energy Transfer LP.

40.    Denied.

41.    Denied. ETO's Corporate Disclosure Statement, filed in accordance with F.R.C.P. 7.1, is a written document that speaks for itself, and any characterization thereof is denied.

42.    Denied. By way of further response, ETO's Corporate Disclosure Statement, filed in accordance with F.R.C.P. 7.1, is a written document that speaks for itself, and any characterization thereof is denied.

---

[2] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 37 includes a footnote with factual allegations, which are denied.

2878155_3

43.     Denied.

44.     Denied.  By way of yet further response, ME2 was permitted, constructed, installed, and is owned and operated by SPLP, not ETO.

45.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

52.     Denied as stated.  It is admitted only that on January 2, 2024, Occupational Safety and Health Administration ("OSHA") Administrative Law Judge ("ALJ") Sean M. Ramaley issued an Order Canceling Hearing and Notice of Withdrawal of Administrative Law Judge, which is a written document that speaks for itself, and any characterization thereof is denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.  By way of further response, SPLP is a subsidiary of Energy Transfer Operations GP LLC, which is an indirect wholly-owned subsidiary of Energy Transfer LP.

60.     Admitted.

61.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

62.     Denied.  By way of further response, the PADEP permits were issued to SPLP, not ETO, and ETO was not a co-permittee on the PADEP permits.

63.     Denied.  The January 8, 2021 submission to OSHA is a written document that speaks for itself and any characterization thereof is denied.  The remaining allegations of this paragraph are conclusions of law or argument to which no response is required, and which are therefore denied.

64.     Denied.  The January 8, 2021 submission to OSHA is a written document that speaks for itself and any characterization thereof is denied.

65.     Denied.

66.     Denied.

67.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

68.     Denied.

2878155_3

69.     Denied.  The allegations of this paragraph are vague and unintelligible such that SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

70.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required.  By way of further response, SPLP was not a named respondent in the proceedings before OSHA and thus could not have asked to be "severed or removed" from those proceedings as is alleged in this paragraph.

71.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

72.     Denied.

73.     Denied as stated.  It is admitted only that ME2 is owned and operated by SPLP.  It is denied that SPLP is a "co-owner" of ME2, as is alleged in this paragraph.

74.     Denied.  By way of further response, SPLP is the owner and operator of ME2.  It is specifically denied that ETO is the owner or operator of ME2, or that SPLP and ETO are each a "co-owner" of ME2, or that SPLP is a "subcontractor" to ETO as is alleged in this paragraph.

75.     Denied. By way of further response, it is specifically denied that ETO is a "subcontractor" to SPLP as is alleged in this paragraph.

76.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required.

77.     Denied, and denied that SPLP was sued "under the designation of its co-defendant ETO," which is a conclusion of law or argument to which no response is required, and which is therefore denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

85.     Denied. SPLP's Corporate Disclosure Statement, filed in accordance with F.R.C.P. 7.1, is a written document that speaks for itself, and any characterization thereof is denied

86.     Denied. SPLP's Corporate Disclosure Statement, filed in accordance with F.R.C.P. 7.1, is a written document that speaks for itself, and any characterization thereof is denied.

87.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

88.     Denied.

89.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

90.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

91.     Denied.

92.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

93.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**Mariner East 2/2X Pipeline Project Background**

94.     Admitted in part, denied in part.  It is admitted only that SPLP permitted, constructed, and installed ME2 in 17 counties in southern Pennsylvania, including in Chester County.  It is specifically denied that ETO permitted, constructed, or installed ME2.  It is further specifically denied that Defendant SPLP and Defendant ETO should be "collectively referred to herein as 'Defendants ETO/SPLP',," as is suggested and alleged in this paragraph, and all such attempted collective references where the terms "Defendants ETO/SPLP" are used throughout the First Amended Complaint are specifically denied.

95.     Denied.  By way of further response, the ME2 pipeline project is complete.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Admitted in part, denied in part.  It is admitted only that the ME2 pipelines were installed within a designated "Right of Way" ("ROW") which is the area where SPLP has a 50-foot wide permanent easement, which was marked on relevant documentation for the ME2 project together with additional information pertinent to the construction activities, including, but not limited to, the applicable "limits of disturbance" ("LOD") for each construction workspace, which

2878155_3

was also delineated in the field during active construction.   The remaining allegations in this paragraph are denied.

100.    Denied. The allegations in this paragraph purport to quote a written document or federal regulation that speaks for itself, and any characterization thereof is denied.

101.    Denied.

102.    Admitted in part, denied in part. The allegations in this paragraph to the extent they pertain to SPLP are admitted. The allegations in this paragraph to the extent they pertain to ETO are denied.  By way of further response, ME2 was permitted, constructed, installed, and is owned and operated by SPLP, not ETO.

103.    Admitted.

104.    Admitted.

105.    Denied. The allegations in this purport to quote from a regulation, which is a written document that speaks for itself, and any characterization thereof is denied.

106.    Denied. The allegations of this paragraph purport to quote from the Erosion and Sediment Control Plan Narrative associated with the PADEP permits issued for the ME2 project, which is a written document that speaks for itself, and any characterization thereof is denied.  The remaining allegations of this paragraph, which are conclusions of law or argument, are denied.

107.    Denied.

108.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.[3]

---

[3] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 108 includes a footnote with factual allegations, which are denied.

109.     Admitted in part and denied in part.  It is admitted only that the construction and installation of ME2 in the Commonwealth of Pennsylvania occurred by several methods, including open trench installation as well as trenchless methods, including various types of bores and the horizontal directional drilling ("HDD") process. It is further admitted that the ME2 construction was subject to permits obtained from PADEP that were issued to SPLP.  It is specifically denied that the permits issued to SPLP for the ME2 project were National Pollutant Discharge Elimination System ("NPDES") permits, as is suggested in this paragraph.  The remaining allegations in this paragraph are conclusions of law or argument to which no response is required, and which are therefore denied.

110.     Admitted.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

**Procedural History**

118.     Denied as stated.  It is admitted only that on or about August 6, 2020, Plaintiff filed an administrative complaint with OSHA under 49 U.S.C. § 60129.

119.     Denied as stated.  It is admitted only that the August 6, 2020 Complaint was sent to a U.S. Department of Labor address in Philadelphia via certified mail and fax.

2878155_3

120.    Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

121.    Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

122.    Admitted, upon information and belief.

123.    Denied. The allegations of this paragraph refer to a written document that speaks for itself and any characterization thereof is denied.[4]

124.    Denied as stated.  It is admitted only that ETO requested an extension to respond to OSHA, which OSHA granted via email on November 30, 2020, establishing January 8, 2021 as the response deadline. The remaining allegations in this paragraph are denied.

125.    Denied as stated.  It is admitted only that ETO requested an extension to respond to OSHA, which OSHA granted via email on November 30, 2020, establishing January 8, 2021 as the response deadline. The remaining allegations in this paragraph are denied.

126.    Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

127.    Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

128.    Admitted in part, denied in part. It is admitted only that on December 23, 2020, PennDOT investigated an area along Route 352/North Chester Road near Anne Drive/Bow Tree Drive in East Goshen Township, Chester County Pennsylvania, and prepared a summary of that

---

[4] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 123 includes two separate footnotes with factual allegations, which are denied.

2878155_3

investigation, which is a written document that speaks for itself and any characterization thereof is denied.  The remaining allegations in this paragraph are denied.

129.    Denied as stated.  It is admitted only that on January 8, 2021 a submission was made to OSHA, which is a written document that speaks for itself and any characterization thereof is denied.

130.    Denied. The January 8, 2021 submission to OSHA is a written document that speaks for itself and any characterization thereof is denied.  The remaining allegations of this paragraph are conclusions of law or argument to which no response is required, and which are therefore denied.[5]

131.    Denied. The January 8, 2021 submission to OSHA is a written document that speaks for itself and any characterization thereof is denied.  The remaining allegations of this paragraph are conclusions of law or argument to which no response is required, and which are therefore denied.[6]

132.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

133.    Denied as stated.  It is admitted only that Plaintiff made an additional submission to OSHA dated February 1, 2021.

---

[5] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 130 includes a footnote with factual allegations, which are denied.

[6] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 131 includes two footnotes with factual allegations, which are denied.

2878155_3

134.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

135.     Denied as stated.  It is admitted only that the parties engaged in mediation.  The remaining allegations of this paragraph, which attempt to characterize the mediation, are denied.

136.     Denied as stated.  It is admitted only that on or about October 25, 2021, OSHA Region 5 became involved with the matter.  SPLP lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore the allegations are denied.

137.     Denied.

138.     Denied.

139.     Denied. SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

140.     Admitted.

141.     Denied. The June 15, 2023 OSHA findings are a written document that speaks for itself and any characterization thereof is denied.  By way of further response, the allegations in this paragraph state conclusions of law or argument to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

142.     Denied. The June 15, 2023 OSHA findings are a written document that speaks for itself and any characterization thereof is denied.  By way of further response, the allegations in this paragraph state conclusions of law or argument to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

2878155_3

143.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

144.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

145.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

146.     Admitted.

147.     Admitted.

148.     Admitted.

149.     Admitted.

150.     Admitted.

151.     Admitted.

152.     Admitted.

153.     Denied as stated.  It is admitted only that on December 29, 2023, OSHA ALJ Sean M. Ramaley issued a Disclosure Order, which is a written document that speaks for itself, and any characterization thereof is denied.

154.     Denied as stated.  It is admitted only that there were disputes regarding discovery matters in the underlying OSHA proceeding, which are reflected in documents on the OSHA docket, which are in writing and speak for themselves and any characterization thereof is denied.

155.    Denied as stated.  It is admitted only that on January 2, 2024, OSHA ALJ Sean M. Ramaley issued an Order Canceling Hearing and Notice of Withdrawal of Administrative Law Judge, which is a written document that speaks for itself, and any characterization thereof is denied.

156.    Denied as stated.  It is admitted only that on January 8, 2024, Plaintiff filed a Renewed Motion for Order for Development of a Proposed Discovery Plan and for Continuance of Discovery, which is a written document that speaks for itself, and any characterization thereof is denied.  By way of further response, GES and ETO opposed such motion, as is reflected in pleadings filed with OSHA that are available on the OSHA docket.

157.    Denied.  By way of further response, GES and ETO opposed Plaintiff's January 8, 2024 Renewed Motion for Order for Development of a Proposed Discovery Plan and for Continuance of Discovery, as is reflected in pleadings filed with OSHA that are available on the OSHA docket.

158.    Denied. The allegations of this paragraph purport to quote from Plaintiff's January 8, 2024 Renewed Motion for Order for Development of a Proposed Discovery Plan and for Continuance of Discovery, which is a written document that speaks for itself and any characterization thereof is denied.  By way of further response, GES and ETO opposed such motion, as is reflected in pleadings filed with OSHA that are available on the OSHA docket.

159.    Denied.

160.    Denied.

161.    Admitted.

162.    Denied as stated.  It is admitted only that on January 8, 2024, OSHA ALJ Natalie A. Appetta issued a Notice of Reassignment, Notice of Rescheduled Hearing and Order Providing

2878155_3

Certain Amended Pre-Hearing Deadlines and Requirements, which is a written document that speaks for itself, and any characterization thereof is denied.

163.    Denied.  It is admitted only that on January 8, 2024, OSHA ALJ Natalie A. Appetta issued a Notice of Reassignment, Notice of Rescheduled Hearing and Order Providing Certain Amended Pre-Hearing Deadlines and Requirements, which is a written document that speaks for itself, and any characterization thereof is denied.[7]

164.    Admitted only that in accordance with the January 8, 2024, Notice of Reassignment, Notice of Rescheduled Hearing and Order Providing Certain Amended Pre-Hearing Deadlines and Requirements, via letter to ALJ Appetta, on January 11, 2004 counsel for ETO identified conflicts with the proposed hearing dates of February 27-March 1, 2024, as reflected in the letter, which is a written document that speaks for itself and any characterization thereof is denied.

165.    Denied as stated.  It is admitted only that the January 11, 2024 letter from ETO's counsel to ALJ Appetta identified conflicts with the proposed hearing dates of February 27-March 1, 2024, and identified alternative dates in the time period requested by ALJ Appetta between February 13-March 15, 2024, and identified that ETO's counsel and witnesses were available on February 20-23, 2024.

166.    Denied as stated.  It is admitted only that Plaintiff did not agree with the proposed hearing dates, as reflected in the January 11, 2024 letter, which is a written document that speaks for itself, and any characterization thereof is denied.

---

[7] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 163 includes a footnote with factual allegations, which are denied.

167.    Denied as stated.  It is admitted only that on January 16, 2024, ETO and GES filed Motions for Summary Decision as is reflected in pleadings filed with OSHA that are available on the OSHA docket.

168.    Denied as stated.  The Motions for Summary Decision that were filed before OSHA are written documents that speak for themselves, and any characterization thereof is denied. [8]

169.    Admitted in part, denied in part.  It is admitted only that on January 17, 2024, OSHA ALJ Appetta issue two separate orders, (1) an Order Denying Complainant's Renewed Motion for Order of Development of a Proposed Discovery Plan and for Continuance of Discovery, Order Addressing the Parties' Respective Motions to Quash Subpoenas and Order Denying Respondent's Motion to Compel Discovery, and (2) Order Denying Complainant's Motion for Contempt and Sanctions Regarding Subpoena Duces Tecum for Ms. Fish and Ms. Grillo, which are written documents that speak for themselves, and any characterization thereof is denied. [9]   It is specifically denied that either GES or ETO acted in any way to "resist discovery and deposition," as is alleged in this paragraph.

170.    Admitted.

171.    Denied as stated.  It is admitted only that on January 18, 2024, OSHA ALJ Appetta issued an Order Responding to Requests for Clarification and Rescheduling Hearing, which is a written document that speaks for itself, and any characterization thereof is denied.

---

[8] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 168 includes a footnote with factual allegations, which are denied.

[9] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 169 includes a footnote with factual allegations, which are denied.

2878155_3

172.     Denied as stated.  It is admitted only that on January 18, 2024, OSHA ALJ Appetta issued an Order Responding to Requests for Clarification and Rescheduling Hearing, which is a written document that speaks for itself, and any characterization thereof is denied.

173.     Admitted.

174.     Denied as stated.  It is admitted only that ETO and GES opposed the January 22, 2024 Motion to Extend His Response Time to Respondents' Motion for Summary Decision to Fourteen Days As Specified by Rule 29 C.F.R. § 18.33(d), as is reflected in pleadings filed with OSHA that are available on the OSHA docket.

175.     Denied as stated.  It is admitted only that on January 24, 2024, OSHA ALJ Appetta issued an Order Extending Time to Respond to the Motions for Summary Decision and Providing a New Deadline for Filing Responses, which is a written document that speaks for itself, and any characterization thereof is denied.

176.     Denied as stated.  It is admitted only that on January 26, 2024, in accordance with the case management schedule established by OSHA ALJ Appetta, GES and ETO submitted Respondents' Joint Stipulation of Agreed Facts to OSHA, together with referenced exhibits.

177.     Denied as stated.  It is admitted only that on January 26, 2024, in accordance with the case management schedule established by OSHA ALJ Appetta, GES and ETO submitted Respondents' Joint Stipulation of Agreed Facts to OSHA, together with referenced exhibits.  The remaining allegations of this paragraph are denied.

178.     Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

179.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

180.    Denied as stated.  It is admitted only that in accordance with OSHA ALJ Appetta's case management orders, on January 30, 2024, Plaintiff, GES, and ETO held a telephonic settlement discussion that did not resolve the matter, but that the characterization of that settlement discussion is denied.

181.    Admitted in part, denied in part.  It is admitted only that on January 30, 2024 Plaintiff filed a Motion to Stay Instant Proceedings, which sought to stay the OSHA proceedings for reasons stated in such filing. The remaining allegations of this paragraph, which state conclusions of law or argument, are denied.

182.    Admitted.

183.    Denied as stated.  It is admitted only that on February 1, 2024, OSHA ALJ Appetta issued an Order Denying Complainant Jaromir Kovarik's Motion to Stay Instant Proceedings as Moot and Dismissing Complaint with Prejudice, which is a written document that speaks for itself, and any characterization thereof is denied.   The remaining allegations of this paragraph, which state conclusions of law or argument, are denied.

184.    Admitted.

185.     Admitted, upon information and belief.

186.    Admitted in part, denied in part. It is admitted only that on February 9, 2024, OSHA ALJ Appetta issued an Order Granting Complainant Jaromir Kovarik's Motion to Reconsider, which is a written document that speaks for itself, and any characterization thereof is denied.   The remaining allegations of this paragraph, which state conclusions of law or argument, are denied.

2878155_3

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied as stated.  It is admitted only that Plaintiff filed a federal complaint on February 12, 2024.  The remaining allegations in this paragraph are denied.

## Claim for Retaliation and Wrongful Termination under 49 U.S.C. 60129, 29 C.F.R. 1981.100 et seq. Against All Defendants

191.    Admitted, upon information and belief.

192.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

193.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

194.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

195.    Denied.

196.    Admitted.

197.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

198.    Denied.

199.    Denied.

200.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

201.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

202.    Denied as stated.  It is admitted only that Plaintiff was required to prepare a document titled "Sunoco Pipeline L.P. – Pennsylvania Pipeline Project, HDD Inspection Daily Report" on each day that he inspected the ME2 pipeline construction.  The remaining allegations in this paragraph are denied.

203.    Denied as stated.  It is admitted only that Plaintiff was required to prepare a document titled "Sunoco Pipeline L.P. – Pennsylvania Pipeline Project, HDD Inspection Daily Report" on each day that he inspected the ME2 pipeline construction, which included various information.  It is further admitted that a meeting took place on January 4, 2020.  SPLP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such remaining allegations are denied.

204.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

205.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

206.    Denied.

207.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

208.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

209.    Denied.

210.    Denied.

2878155_3

211.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

212.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

213.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

214.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

215.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

216.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

217.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

218.    Denied.

219.    Denied as stated.  It is admitted only that on January 10, 2020, Plaintiff reported concerns to a utility inspector regarding a "depression" along North Chester Road in East Goshen Township, Chester County.  The remaining allegations in this paragraph are denied.

220.    Denied as stated.   It is admitted only that Plaintiff's concerns regarding a "depression" along North Chester Road in East Goshen Township, Chester County were also reported to a construction manager, the lead environmental inspector, and a chief utility inspector for the relevant area. [10]

221.    Denied as stated.  It is admitted only that the construction manager, a surveyor, and environmental inspector met with Plaintiff at the relevant location in response to Plaintiff's concerns regarding a "depression" along North Chester Road in East Goshen Township, Chester County.

222.    Denied as stated.  It is admitted only that, upon information and belief, Ray Banach and Gavin McBrien are not licensed professional geologists in the Commonwealth of Pennsylvania.   By way of further response, SPLP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph regarding whether the surveyors were licensed professional geologists, and therefore such allegations are denied.

223.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

---

[10] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 220 includes a footnote with factual allegations, which are denied.

2878155_3

228.    Denied as stated.  It is admitted only that on January 10, 2020, a surveyor prepared a baseline elevation of the "depression" along North Chester Road in East Goshen Township, Chester County.  The remaining allegations of this paragraph, which are conclusions of law or argument, are denied.

229.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

230.    Denied as stated.  It is admitted only that Plaintiff prepared reports on each day that he inspected the ME2 pipeline construction, which reports are in writing and speak for themselves, and any characterization thereof are denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied as stated.  It is admitted only that on January 17, 2020, a surveyor again surveyed the area of the "depression" along North Chester Road in East Goshen Township, Chester County.  The remaining allegations of this paragraph, which are conclusions of law or argument, are denied.

236.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, the ME2 pipeline project is complete.

237.    Denied.

238.   Denied as stated.  The allegations of this paragraph refer to a January 29, 2020 GES Pre-Pipe Pull PG Site Evaluation, which is a written document that speaks for itself, and any characterization thereof is denied.  The allegations in this paragraph which purport to summarize or characterize such document are denied.

239.   Denied.

240.   Admitted that between January 10 and May 18, 2020 (except when drilling was halted due to the Governor's COVID-19 order), an environmental inspector checked the area of the "depression" along North Chester Road in East Goshen Township, Chester County, and that nothing of concern was observed by the environmental inspector.

241.   Denied as stated.  It is admitted only that between January 10 and May 18, 2020, the environmental inspector saw and spoke with Plaintiff, but denied that the environmental inspector and Plaintiff spoke regarding "their inspections of the depression/subsidence in question," as is alleged in this paragraph.  By way of further response, during the referenced time period, Plaintiff did not raise any concerns about the "depression" along North Chester Road in East Goshen Township, Chester County.

242.   Denied.

243.   Denied as stated.  It is admitted only that on May 18, 2020, Plaintiff sent the text message referenced in this paragraph to the lead environmental inspector, a utility inspector, and a GES employee.  By way of further response, the lead environmental inspector responded that he would have an environmental inspector inspect and have the surveyor come to take measurements again.

244.   Admitted.

245.   Denied.

246.    Admitted.

247.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

248.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

249.    Denied as stated.  It is admitted only that when requested, an environmental inspector met with Plaintiff at the "depression" along North Chester Road in East Goshen Township, Chester County.  The remaining allegations of this paragraph are otherwise vague and unintelligible, and are therefore denied.

250.    Denied.

251.    Denied.

252.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

253.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

259.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

260.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

261.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

262.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

263.    Denied.

264.    Denied.

265.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

266.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

267.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.  By way of further response, the allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

268.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

2878155_3

269.   Denied.  By way of further response, the ME2 pipeline project is complete.

270.   Denied.

271.   Denied.

272.   Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

273.   Denied as stated.  It is admitted only that on May 19, 2020, construction manager Ray Banach, who was at the relevant time an employee of Cleveland Integrity Services, Inc, sent an email that notified GES that Plaintiff was no longer to work on the ME2 project, and which is a written document that speaks for itself, and any characterization thereof is denied.  The remaining allegations in this paragraph, including the collective reference to "Defendants ETO/SPLP," are denied.

274.   Denied.

275.   Denied.  The allegations of this paragraph are vague and unintelligible such that SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

276.   Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

277.   Denied as stated.  It is admitted only that on January 10, 2020 that construction manager Ray Banach met with Plaintiff and an environmental inspector in response to Plaintiff's observation of the "depression" along North Chester Road in East Goshen Township, Chester County.  The remaining allegations are denied.

2878155_3

278.     Denied.  The allegations of this paragraph are unintelligible such that SPLP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

279.     Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

280.     Denied.

281.     Denied.

282.     Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

283.     Denied.

284.     Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

285.     Denied.

286.     Denied as stated.  It is admitted only that on May 19, 2020, a surveyor performed a survey of the "depression" along North Chester Road in East Goshen Township, Chester County. The remaining allegations of this paragraph, which are conclusions of law or argument, are denied.

287.     Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

288.     Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

289.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

290.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

291.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

292.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

293.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

294.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

295.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

296.    Denied as stated.  It is admitted only that pursuant to a June 8, 2020 memo, GES removed Plaintiff from work activities, as is reflected in such document, which is a written document that speaks for itself, and any characterization thereof is denied.

297.    Denied.  The allegations of this paragraph refer to the June 8, 2020 memo from GES to Plaintiff, which is a written document that speaks for itself, and any characterization

thereof is denied.  It is specifically denied that the memo refers to ETO or any communication from ETO, as is alleged in this paragraph.  The remaining allegations of this paragraph are conclusions of law or argument to which no response is required, and which are therefore denied.[11]

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

302.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

303.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

304.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

305.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

---

[11] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 297 includes a footnote with factual allegations, which are denied.

306.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

307.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

308.    Denied.

309.    Admitted in part, denied in part. It is admitted only that on December 23, 2020, PennDOT investigated an area along Route 352/North Chester Road near Anne Drive/Bow Tree Drive in East Goshen Township, Chester County Pennsylvania, and prepared a summary of that investigation, which is a written document that speaks for itself and any characterization thereof s denied.  The remaining allegations in this paragraph are denied.

310.    The allegations of this paragraph refer to a December 23, 2020 PennDOT investigation summary, which is a written document that speaks for itself and any characterization thereof is denied.

311.    The allegations of this paragraph refer to a December 23, 2020 PennDOT investigation summary, which is a written document that speaks for itself and any characterization thereof is denied

312.    Denied.

313.    Denied.

314.    The allegations of this paragraph refer to a December 23, 2020 PennDOT investigation summary, which is a written document that speaks for itself and any characterization thereof is denied.  By way of further response, it is admitted that the ME1 pipeline was not exposed, as is alleged in this paragraph. [12]

---

[12] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied.

315.    Denied.

316.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

317.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

318.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

319.    Denied.

320.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.  The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

325.    Denied.

326.    Denied.

327.    Denied.

---

Paragraph 314 includes a footnote with factual allegations and conclusions of law or argument to which no response is required, and which are therefore denied.

2878155_3

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

332.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

333.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

334.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.[13]

335.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

336.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

---

[13] Factual allegations that are not contained in numbered paragraphs in the First Amended Complaint, such as in the headings or footnotes, are not properly pled consistent with Federal Rule of Civil Procedure 10(b) and are denied. Paragraph 334 includes a footnote with factual allegations, which are denied.

337.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

338.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

339.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

340.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

341.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

342.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

343.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

344.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

2878155_3

345.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

346.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

347.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

348.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore the allegations are denied.  By way of further response, the allegations of this paragraph that Plaintiff subjected to a "wrongful termination" is a conclusion of law or argument to which no response is required, and which are therefore denied.

349.    Denied. SPLP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations are denied.

350.    Denied.  SPLP lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore the allegations are denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

356.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Admitted.

361.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

362.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

363.    Denied. The allegations in this paragraph state conclusions of law or argument to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, SPLP respectfully requests that the Court enter judgment in its favor and against Plaintiff, and grant such other and further relief as the Court deems reasonable, just, and appropriate.

2878155_3

## **AFFIRMATIVE DEFENSES**

By way of further answer and defense, SPLP pleads the following affirmative defenses:

1.      All or a portion of Plaintiff's claims barred because they fail to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.      Plaintiff's claims are barred because he failed to exhaust his administrative remedies.

4.      Plaintiff has not, and cannot, satisfy the required elements for a claim under the Pipeline Safety Improvement Act of 2002, 49 U.S.C. §60129.

5.      Plaintiff did not engage in any protected activity under the Pipeline Safety Improvement Act of 2002, 49 U.S.C. §60129.

6.      Plaintiff's employment was terminated for legitimate, non-retaliatory reasons.

7.      Plaintiff's claims are barred in whole or in part because the relief sought by Plaintiff is not available for the cause of action asserted.

8.      Plaintiff's claims are barred to the extent that he has failed to mitigate his claims for damages, if any.

9.      Plaintiff's claim for punitive damages is barred in whole or in part because Plaintiff has failed to set forth a claim upon which punitive damages may be awarded.

10.     SPLP reserves the right to assert any other defense that may become apparent during the course of the proceedings in this case.

2878155_3

**WHEREFORE**, SPLP respectfully requests that the Court enter judgment in its favor and against Plaintiff, and grant such other and further relief as the Court deems reasonable, just, and appropriate.

                              Respectfully submitted,

                              */s/ Diana A. Silva*
                              Jill Hyman Kaplan, Esq. (PA I.D. No. 50928)
                              Diana A. Silva, Esq. (PA I.D. No. 311083)
                              Manko Gold Katcher Fox LLP
                              Three Bala Plaza East, Suite 700
                              Bala Cynwyd, PA 19004
                              Tel: (484) 430-2347
                              jkaplan@mankogold.com
                              dsilva@mankogold.com

                              *Counsel for Defendant*
                              *Sunoco Pipeline, L.P.*

Dated: August 14, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, a true and correct copy of the foregoing document was served on all parties and counsel of record via the court's electronic filing system and via electronic mail, as follows:

Jaromir Kovarik
211 Ridge Road
Annville, PA  17003
jxk0011@gmail.com

May Mon Post, Esq.
Bunker and Ray
436 Walnut Street WA01A
Philadelphia, PA  19106
maymon.post@bunkerray.com

*/s/ Diana A. Silva*
Diana A. Silva, Esq. (PA I.D. No. 311083)
Manko Gold Katcher Fox LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA  19004
Tel: (484) 430-2347
dsilva@mankogold.com

*Counsel for Defendant*
*Sunoco Pipeline, L.P.*

Dated: August 14, 2024

2878155_3